IN THE UNITED STATES DISTRICT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISON

| | |
|---|---|
| WILLIE HARRIS, AIS # 160192 ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 02:05-CV-732-T |
| ) | |
| J.C. GILES, *et al* ) | |
| ) | |
| Defendants. ) | |

## SPECIAL REPORT

**COMES NOW** the Defendants, by and through counsel, and files this Special Report by submitting the following:

## PLAINTIFF'S ALLEGATIONS

1. The Plaintiff, Willie Harris (AIS # 160192) [hereinafter referred to as "Harris"] is currently an inmate in the Staton Correctional Facility located in Elmore, Alabama. Harris had been an inmate housed in the Ventress Correctional Facility. Harris alleges that while he was housed in Ventress Correctional Facility, the Defendants denied him protective custody and unfair treatment

2. Hamm names Warden J.C. Giles, (hereinafter referred to as "Giles"), Mark Burton, (hereinafter referred to as "Burton"), Tanya Morris, (hereinafter referred to as "Morris"), Sharon McSwain-Holland, (hereinafter referred to as "Holland"), Charlotte Brown hereinafter referred to as "Brown"), and Mary Taylor, (hereinafter referred to as "Taylor"), as Defendants in the above styled cause.

3. Harris seeks injunctive relief and monetary damages. (See Complaint)

4. As directed, the Defendants have undertaken a review of the Hamm's claims to determine facts and circumstances relevant thereto. At this time, the Defendants are submitting this Report, which is supported by the Affidavit of Mark Burton, Classification Supervisor I (See Exhibit "A"); the Affidavits of J.C. Giles, Warden III (See Exhibits "B" & "C"); the Affidavit of Tanya Morris, Classification Specialist (See Exhibit "D"); the Affidavit of Sharon McSwain-Holland, Corrections Officer Supervisor I , (See Exhibit "E"), the Affidavit of Charlotte Brown ASA II, (See Exhibit "F"), the Affidavit of Mary R. Taylor, (See Exhibit "G"), and the Affidavit of Linda Shirah, Staff Accountant/Business Manager, (See Exhibit "H").

## DEFENDANTS

1. J.C. Giles, Warden III, Ventress Correctional Facility, P.O. Box 767, Clayton, Alabama.

2. Sharon McSwain-Holland, Corrections Officer Supervisor I, same as number (1) one.

3. Mark Burton, Classification Supervisor I, same as number (1) one.

4. Tanya Morris, Classification Specialist, same as number (1) one.

5. Charlotte Brown ASA II, same as number (1) one.

6. Mary R. Taylor, same as number (1) one.

## DEFENSES

The Defendants assert the following defenses to the Plaintiff's claims:

1. The Defendants deny each and every material allegation contained in the Plaintiff's Complaint and demand strict proof thereof.

2. The Defendants plead not guilty to the charges in the Plaintiff's Complaint.

3. The Plaintiff's complaint fails to state a claim upon which relief can be granted.

4. The Plaintiff is not entitled to any of the relief requested.

5. The Defendants plead the defense of qualified immunity and aver that any purported action taken by any of them was reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by the Plaintiff.

6. The Defendants are entitled to qualified immunity and avers it is clear from the face of the complaint that the Plaintiff has not alleged specific facts indicating that any Defendant violated any clearly established constitutional right.

7. The Defendants cannot be held liable on the basis of *respondent superior,* agency, or vicarious liability theories.

8. The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

9. The allegations contained in the Plaintiff's Complaint against the Defendant, fails to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. See Oladeinde v. City of Birmingham, 963 F. 2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Edu. Of Escambia County, 880 F. 2d 305, 309 (11th. 1989).

10. The Defendants plead all applicable immunities, including but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

11. The Defendants were at all times acting under the color of state law and therefore, they are each entitled to substantive immunity.

12. The Defendants plead the general issue.

13. This Court lacks subject matter jurisdiction due to the fact that even if Plaintiff's allegations should be proven, the allegations against these Defendants would amount to mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights.

14. All claims of Plaintiff against these Defendants in their official capacity are barred by the Eleventh Amendment to the United States Constitution.

15. The Defendants plead the affirmative defense that the Plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render them liable to the Plaintiff.

16. The Defendants plead the affirmative defenses of contributory negligence and assumption of the risk.

17. The Defendants plead the affirmative defense that the Plaintiff has failed to mitigate his own damages.

18. The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. §1997e (a) and as such these claims should be dismissed.

19. The Defendants plead the affirmative defense that they are not guilty of any conduct which would justify the imposition of punitive damages against any of them and that any such award would violate the United States Constitution.

20. The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing *in forma pauperis* actions in federal court

21. Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from the Defendants who are state officers entitled to immunity as provided for in 42 U.S.C. § 1997 (e) (c).

22. The claims of Harris are moot.

## ARGUMENT

Harris sues the Defendants assumingly on a potential theory under 42 U.S.C. § 1983 that they have somehow failed to provide him with protective custody and treated him unfairly by taking his food and mail (See Complaint). Harris wants injunctive relief seeking protective custody and $20,000.00 (Id.). He further complains of unfair treatment, wanting $5,000.00 (Id.).

### Claims for Protective Custody Status are Moot

Harris claims that upon his arrival at Easterling Correctional Facility that he was assaulted by correctional officers (See complaint). Thereafter, he claims that he sought protective custody but was denied it (Id.). Burton states that he was approached by Morris in regards to Harris wanting to be placed into protective custody status or transferred. (See affidavit of Burton, Exhibit "A"). Burton suggests that he informed Morris that this was a security matter and not one for classification (Id.). Burton indicates that he referred the matter to Taylor (Id.). Unfortunately, Taylor does not remember the event (See affidavit of Taylor, Exhibit "G"). Nonetheless, the Defendants deny that they committed a violation of the Harris' constitutional rights because he suffered no injury as a result.

More importantly, Harris was transferred to Staton Correctional Facility in Elmore County and the purported claims are moot (See affidavit of Giles, Exhibit "C").

Even if taken as true the statement of facts by Harris, these Defendants are entitled to have the case dismissed. When officials are aware of a danger to an inmate's health and safety ….it does violate the constitutional proscription against cruel and unusual punishment to fail to afford that inmate reasonable protection. Gullatte v. Potts, 654 F. 2d 1007 at 1012 (5th Cir. 1981). To establish a deprivation of Eight Amendment rights, a prisoner must show deliberate indifference on the part of the prison officials to the prisoner's need for reasonable protection from violence. Wilimas v. Bennett, 689 F. 2d 1370, 1380 (11th Cir. 1982), *cert denied,* 464 U.S. 932 (1983). Thus, the law only requires that the prison officials who are aware or who should be aware of a threat to an inmate must act reasonably to provide that inmate protection from the danger. In this case, there was no real indication to any of the Defendants that Harris was in immediate danger. Even if there was some evidence of a "threat", there is no evidence that any of the Defendants made a subjective decision to be deliberately indifferent.

Harris is no longer at Ventress Correctional Facility and thus, he is no longer entitled to this relief. "Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury, or real and immediate threat of repeated injury to the plaintiff." Cotterall v. Paul, 755 F. 2d 777, 780 ( 11th Cir. 1985). In McKinnon v. Talladega County, Alabama, 745 F. 2d 1360, 1362 (11th Cir. 1984), the Court held also that the departure of an inmate from a county jail, for example, may moot his claim for injunctive relief. Harris claims for injunctive relief at Ventress are moot in that they are no longer "live."

See County of Los Angeles v. Davis, 440 U.S. 625, (1979). The test is (1) there is no reasonable likelihood of a recurrence of the alleged violation and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. Id. In the case *sub judice,* the transfer of Harris to Staton Correctional Facility has passed both parts of the test. There is no reasonable likelihood of a purported recurrence and the transfer has completely eradicated the effects of the claimed violation. Thus, Harris has no active claim for injunctive relief and his requests for relief are due to be denied.

### Unfair Treatment

Harris claims that Holland wrongfully removed his food items. In this regard, Holland confiscated store items from Harris as a result of Harris being unable to produce a store slip or property sheet to validate his possession of these. (See Exhibit "E"), Affidavit of Sharon McSwain-Holland, Corrections Officer Supervisor I. Harris admitted that he won these food items as wages of gambling. (Id.) He was instructed to send these items home and he did so (Id.).

Harris also claims that Brown refused to allow him to have his mail. Brown answered by stating that she is not the mail clerk and has never refused to allow Harris to have his mail. (See Exhibit "F"), the Affidavit of Charlotte Brown ASA II. Of course, Harris documents in support of his complaint suggest that the mail was rejected because of it s nature (i.e. Hot Girls, Inc.). The correspondence is considered from a "pen pal" and is not allowed because it is a "security problem" and would also "likely result in an increase in mail volume which the "already taxed mail room staff can not handle" (See Exhibit "H"), the Affidavit of Linda Shirah.

### Immunities

To the extent that Harris has sued any of the Defendants in their official capacities, they are all employees of the State of Alabama and cannot be held liable in damages in their official capacities, for their own acts or those of their employees because they enjoy Eleventh Amendment immunity. Such officers are entitled to dismissal of any claims for damages brought against them in their official capacities as state officials. The United States Supreme Court has said:

> [T]here can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit. Edelman v. Jordan, 415 U.S. 651, 94 S. Ct. 1347, 39 L.Ed. 2d 662(1974); Ford Motor Co. v. dept. of treasury, 323 U. S. 459, 65 S. ct. 347, 89 L. Ed 2d 389 ( 1985)

To the extent that Harris has sued these Defendants in their official capacities; the suit is against the state. These Defendants are absolutely immune from suit.

The Defendants are entitled to qualified immunity from all claims asserted by Harris in this case. If Harris was able to show in someway that any Defendant was acting in his discretionary authority, the burden then shifts to Harris to show that the defendant violated clearly established law based upon objective standards. See Eubanks v. Gerwin, 40. F. 3d 1157, 1160(11th Cir. 1994). Clearly, Harris has not done so. Harris must allege that any or all Defendants violated a right clearly established in a fact-specific, particularized sense. Edwards v. Gilbert, 867 F. 2d 1271, 1273 (11th Cir. 1989), aff'd in pertinent part , rec'd in part on other grounds, sub nom., Edwards v. Okaloosa County, 5 F. 3d 1431 (11th Cir. 1989).

The Eleventh Circuit further requires that the inquiry be fact specific, and that officials will be immune from suit if the law with respect to their actions was unclear at

the time the cause of action arose, or if a reasonable person could have believed that their actions were lawful in light of clearly established law and information possessed by the individual. Vonstein v. Brescher, 904 F. 2d 572, 579 (11th Cir. 1990) (quoting Anderson v. Creighton, 483 U.S. 635, 640, 107 S, Ct. 3034, 3039(1987)

Therefore, to defeat summary judgment Harris must be able to point to cases with "materially similar" facts within the Eleventh Circuit. Hasoon v. Soldenwagner, 19 F.3d 1573, 1578 n. 6 (11th Cir. 1994). In order for qualified immunity to be defeated, preexisting law must "dictate, that is truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances." Lassiter v. Alabama A & M University, 28 F. 3d 1146, 1151 (11th Cir. 1994).There is no case law from the United States Supreme Court , the Eleventh Circuit Court of Appeals, or District Court sitting within the Eleventh Circuit showing under the facts of this case, it was clearly established that these alleged actions violated Hamm's constitutional rights.

Thus, Harris' complaint must be dismissed.

Pursuant to the Court's July 25, 2005 Order, the Defendants request that this Special Report be treated and denominated as a Motion to Dismiss and/or a Motion for Summary Judgment. The Defendants have demonstrated through their evidence and appropriate precedent that there is not any genuine issue of material fact relating to a constitutional violation and that the defendants are therefore, entitled to a judgment in their favor as a matter of law. Harris' submissions clearly fail to meet his required burden.

## CONCLUSION

The Plaintiff's complaint is due to be dismissed on its face, and is, further, disproved by the evidence now before the Court. Accordingly, the Defendants requests that this Honorable Court either dismiss the Plaintiff's Complaint, with or without prejudice, or enter a judgment in their favor.

Respectfully submitted,

KIM T. THOMAS
DEPUTY ATTORNEY GENERAL
GENERAL COUNSEL

/s/GREG BIGGS (BIG004)
GREG BIGGS (BIG004)
ASSISTANT ATTORNEY GENERAL
ASSISTANT GENERAL COUNSEL

**ADDRESS OF COUNSEL:**

Alabama Dept. of Corrections
Legal Division
301 South Ripley Street
P.O. Box 301501
Montgomery, AL 36130
(334) 353-3885

## CERTIFICATE OF SERVICE

I do hereby certify that on the 8th of November 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system,

And I hereby certify that I have mailed a copy of the forgoing via United States Mail properly addressed, postage prepaid first class to:

Inmate Willie Harris
AIS # 160192
Staton Correctional Facility
P.O. Box 767
Elmore, AL  36025

/s/GREG BIGGS (BIG004)
GREG BIGGS (BIG004)
ASSISTANT ATTORNEY GENERAL
ASSISTANT GENERAL COUNSEL